The next matter, number 21-1114, Matthew MacDonald v. United States. At this time, would counsel to the appellant please come to the podium and introduce herself on the record to begin. Good morning, Your Honors. My name is Jane Lee, and I represent the petitioner Matthew MacDonald in this case. Are you going to reserve any time for rebuttal? No, I'm not going to reserve any time for rebuttal. Now, before you start, I ask you to please start by addressing, what I'm speaking about is not running against you 10 minutes, but you're requesting the plenary resentencing, but in this case there's no certificate of appealability, there's no appeal from the criminal judgment, so how do you get around that? How can we resolve that? And let me just give you an experience I had. This was when I was a district judge. I granted habeas relief in favor of a defendant at one time, petitioner, but the only appeal by the United States was to that habeas, not the underlying case. And I was able to review what happened in that case, and there was a show cause, and the government ultimately had to withdraw its appeal. So I'd leave it there, but tell us how we can listen to the merits of your case. Well, Your Honor, you can listen to the merits of this case because this is an appeal from a 2255 proceeding, and it's an appeal that contests the court's choice of remedy in that proceeding. And the choice of remedy is part of a 2255 proceeding. It's a two-part proceeding, and the first part you choose to vacate or not vacate, deny the defendant's constitutional claim, and the second part is you choose a remedy. And you can't divorce choosing a remedy from a proceeding under 2255. The proceeding under 2255 includes choosing a remedy, and 2255 includes a procedure for appealing those decisions in that case. There are decisions made in that case, and the procedure for appealing them is to move for a certificate of appealability in that case, in that docket number. Now, other courts, some courts have found that, yes, that's the correct way to appeal a 2255 choice of remedy, and some courts have found, no, the correct way is to appeal and admit the judgment in the criminal case, the underlying criminal case. But it's clear that the criminal case is a different case than the habeas case. One's civil, one's criminal. The judgment to choose a remedy doesn't occur in the criminal case. It occurs in the habeas. That's the judge's decision in the habeas case. Is your request for the plenary resentencing, was that premised on 924E? 924E, yes. He was sentenced. We only have here, right, and correct me if I'm wrong, but we have a certificate of appealability as in 924C. Right. And so we don't have a certificate of appealability as to 924E. We don't have a direct appeal. So all that seems to be to the side entirely, right? No, Your Honor. This court certified three questions for review that they want, that they wished counsel to address and review, and they had three questions, and the one is, as Your Honor says, what's the method for perfecting an appeal, choice of remedy appeal? Is it the underlying or is it the habeas? And the other question was, does concepcion apply to this case? Does it apply to 2255s? And they certified those questions for consideration. And I think you don't need either a COA or an amended judgment in this case because you can remand this case. The defendant has a motion for a remand, a motion for a limited remand back to district court after concepcion came, and there's a companion case in this instance, an identical case where that exact procedure happened. The defendant was a co-defendant of the petitioners here. They both moved on Johnson grounds to renege their career offender and their armed career criminal convictions. In both cases, the judge, who was the judge in the original criminal action, said, I'm going to grant your career offender Johnson issue and your armed career criminal Johnson issue, but I'm only going to amend your sentence in both cases. And then concepcion came down, while both cases were on appeal to this court. And Shea moved in this court for a limited remand so that the district court could consider concepcion in his request for a full resentencing, and this court granted that limited remand. And that's what you should do in this case. You should grant a limited remand back to the- Did the government object in Shea? The government did not object in Shea, no. But they objected here. They did object here. But as this court has said, you have two identically situated defendants sentenced by the same judge. There's real concerns here when one defendant gets a different treatment than another. Was the government questioned below about why there was an objection in one and not in the other? They weren't, Your Honor. They weren't questioned because Shea below didn't- Is there anything on the record which would indicate why they were treated differently? There's nothing on the record, Your Honor, if anything. And here's the other problem. When we're talking about a record, are we talking about a 27-year-old case that was a 60-day trial? So when you ask me what's on the record to distinguish these two defendants, everybody has to go back to this 27-year-old case that nobody has the record for. But to answer your question, no, there's no difference. They were indicted on basically the same charges. There's some difference because he was a career offender and he was an armed career criminal. But there's no difference in how they were situated in the habeas. As a matter of fact, they were situated so similarly that the judge kept confusing and compounding and conflating their two crimes. Like he said that Shea was an armed career criminal, but it was McDonald who was the armed career criminal. And he actually ordered an amended order on Shea's armed career criminal conviction, which he didn't have. So it's really basically the same case. The cases are identical. And tell me if this doesn't matter, but was there an objection by Shea based on Concepcion and the district court that was not made in this case? Not until he was already in the Court of Appeals. Shea was in the Court of Appeals. And Shea asked for a remand, a limited remand, back to the district court where Shea asked to amend the amended sentence and under Concepcion for resentencing. But that happened after he was in the Court of Appeals, which is exactly what's happening here. My client was in the Court of Appeals. My client filed a motion for a limited remand while he was on appeal in light of Concepcion. And what's really important here is that the district court in Shea said, I made a mistake. I didn't know you could consider this. I didn't know you could consider intervening changes in the law or facts when you're deciding whether to resentence or amend a sentence. And because I didn't know that, I amended the sentence. But now that I know that, I'm going to give him a resentencing. And my client's entitled to the same thing. He didn't know that he could resentence McDonald and consider intervening changes in the law and facts. Well, did we – there's been no further review of that resentencing, correct? There's no further – I'm sorry, say that again? Of the resentencing for Shea in light of Concepcion. Did the government object to that, ultimately appeal that resentencing? The government did not appeal the resentencing. Shea did. So I guess it begs the question to some degree whether or not the district court can resentence in light of Concepcion, given that that was a First Step Act case and this is not. So we don't really actually know whether the district court did that correctly, correct? No, but if you look at Concepcion, it's very, very clear that Concepcion applies to 2255 proceedings because it was in the context of a First Step Act. But the court is really clear that they are just interpreting a longstanding American tradition in the law that you consider the whole person before you at an original sentencing and a resentencing and that you can consider intervening changes in the law and the person before you at a resentencing. And that applies, the court says, that applies on all sentences, all resentencings which seek to set aside or modify or reduce a sentence. So clearly that's what a 2255 is doing. There's authority for the judge to either amend the sentence, correct it, or resentence him. So he has that authority. That is what 2255 does. It's really clear that Concepcion applies to 2255. I'd like to hear your argument on the 924C issue. Does Your Honor want to hear my whole argument since Shea has already been decided in this case? So there's two questions, right? There's first kind of the legal standard that applied. That's now been resolved. But now you have a different argument here which is, well, now in the harmless error world, was the error harmless? Yes, and that goes back to what I was saying earlier is that we can't tell whether this error was harmless. You have a judge sitting on this habe and he's got to decide whether this was a harmless error in a case that occurred 27 years ago. It was a 60-day trial. How are you going to ever really figure out what the jury based their decision on? And that's exactly why we use the categorical approach, which is no longer available. So you don't want judges looking at really, really old cases. But is there much of a question here where he was convicted of aiding and abetting, correct? Hobbs Act robbery, yes, Your Honor. So there was no real need for the defendant here to have actually held the gun during the crime, as I understand it. So what's really the argument that there could be any confusion, even if this is an old case? Well, there was some testimony, and here I'm talking about testimony that occurred in a case 26 years ago. There's some testimony that he held a gun in connection with the conspiracy and that he showed someone that gun. And you don't know, did the jury decide, oh, I know he had a gun in the conspiracy, so I'm just going to go with yes. And I don't even have to consider whether he had a gun in the Hobbs Act and the robbery. And the jury's entitled to say he has to have... Not only does he have to aid and abet a Hobbs Act robbery, he has to himself carry a gun in aiding and abetting the Hobbs Act robbery. And the jury could have thought, oh, he carried that gun in the conspiracy, but not in the Hobbs Act or the bank robbery charges. Thank you, Your Honor. Thank you. Let's hear from the government. Please introduce yourself on the record when you begin. Please, the court. Alexander Chen for the United States. Your Honors, I'd like to begin with Judge Helpy's initial question, which is the jurisdictional question. How does this court have jurisdiction over Mr. McDonald's request for plenary sentencing? As counsel alluded to, there are only two options. One is this court must grant a certificate of appealability. The second is the defendant must have filed a direct appeal from the criminal judgment. Here, the parties agree that the appropriate avenue is for a COA to issue. However, what Mr. McDonald is challenging here is the choice of remedy. The selection of a habeas remedy does not implicate a constitutional right. Under the COA standard, he has not satisfied the requisite standard for a COA to issue, and this court should decline to issue one. And this restriction flows directly from the AEDPA. When Congress passed that statute, it curtailed the jurisdiction of the courts of appeal to review habeas challenges. I'm specifically alluding to Section 2255, 2253C. There, Congress specified that a COA may issue only where the petitioner makes a substantial showing of the denial of a constitutional right. And that qualifier, constitutional, is the key fact here. So is it an implication of your argument, which I understand opposing counsel agreed to, that a COA would be necessary, is that there can be no appeal of a resentencing under 2255? Judge Dillon, do you mean a selection of a resentencing? Correct.  So in most contexts, the answer would be no, because in most contexts, the selection of a remedy, again, is not going to implicate a constitutional right. I'm not going to say that I can't imagine a hypothetical scenario where the selection of a remedy does implicate such a right. For example, if a district judge said, I will grant plenary resentencing only to individuals of a certain race or ethnicity, that would clearly implicate a constitutional right. But in the general case, absent an egregious error like that. Correct. Yes, I agree with that proposition, Your Honor. Okay, so you agree that it's a two-step process, and if relief is granted on the first, it moves to the second step. Yes. But you're saying that we're supposed to disentangle Step 1 and Step 2 and apply a separate constitutional basis for Step 2, as well as Step 1. And you're saying they don't travel together. Yes, and the reason, again, I'm going back to the length of statute. So, again, Congress specified that a litigant may seek a COA only where he shows a substantial denial of a constitutional right. What we have here in McDonald's case is it's undisputed that there previously was a constitutional issue with the 922G1 count, specifically the ACCA sentence. But the district court fully remedied that. There is no argument by Mr. McDonald that the amended judgment is in any way infirm. The constitutional issue has been taken off the table. For this court to grant a COA in the posture we're in now, there would still have to be a constitutional claim that's viable, and there is not pending one. There's not one pending at this moment. So the remedy here would have been for him to appeal the criminal judgment, which didn't occur here, right? So that was never disturbed. There's no criminal judgment. So I think, forgiving me for misunderstanding your question, Judge Halperin, could you repeat your question? My apologies. No, because the two ways to get avenue for relief is certificate of appealability, which in this case you already argued, but also if the defendant had appealed from the criminal judgment. That didn't happen. Correct. That didn't happen. That judgment's final already. Correct. And that judgment's final for five years at least by this point, Your Honor. Okay, so under the rule, that would allow the district court to extend the time to file a notice of appeal. Right. That's history. You can't do that anymore. Exactly, Your Honor. And I would also note that McDonald agrees that the appropriate avenue for this court to even be able to review the district court's choice of remedy is a COA. So procedurally, the question of a direct appeal is taken off the table. So in Shea, when the district court said, I didn't know until Concepcion came out that when I was fashioning a new sentence that I had these rights. So you're saying that McDonald has just lost his opportunity to make that same Concepcion argument? So I think my answer is twofold, Judge Thompson. The first is, I think, one important procedural distinction between Shea's case and McDonald's case is that in Shea's case, the matter was not final yet at the district court because the district court, when it entered an amended judgment in Shea, it believed that Shea was an ACCA offender as opposed to a career offender. So that's why the matter was still alive at the district court. At that time, the district court still had the opportunity to change its mind. And I think, Judge Thompson, that's exactly what happened here. In the interim, while Shea's matter is still pending at the district court, there are two new factors. The first, of course, is Concepcion. I think the government's brief opposition remains the same, that Concepcion is not directly applicable to this matter because it is not a first step back case. But the other important factor is that the government agreed to resign for Mr. Shea. Faced with those two intervening factors, and again, ours is an adversarial system, the district court changed its mind, as it was entitled to. For McDonald, in this case, yes, to answer your original question, procedurally, he does not have an option to appeal this. So why would the government change this? Why did the government treat these two similarly situated defendants so differently? Candidly, Your Honor, as to Shea, I do not know the answer to that question. Park, another attorney from our office, made the determination to agree to resentencing for Shea. That attorney is no longer with our office, and unfortunately the case file is not clear why the government did agree to resentencing for Shea. Regardless, however, the legal question in McDonald's case is narrow and is limited to whether the selection of a remedy implicates a constitutional right, and it does not. Is there any other remedy he could seek now at some point, or not at this point? I would assume, because again, the result is this is patently unfair. You would agree to that, whether there's a remedy or not. Or would maybe file a 2255 in effective assistance of counsel. That would probably be the only remedy I can figure. I think that's... Which would open the door at some other point. But he would have to file a separate proceeding. Yes, I believe so, Your Honor. If I may, I'd like to address Judge Gellinap's question earlier about the 924C issue. Given the posture of this case, it is McDonald's burden to show that the jury instructional error had substantial and injurious effect on the verdict. Here, Ms. McDonald was convicted under an aiding and abetting theory for 924C. That means that all that had to happen was that McDonald was aware that a gun would be used in connection with the robbery. McDonald does not deny that. Not during trial. Not in his habeas briefing. And nor could he. Consider the evidence adduced over the lengthy trial. It was McDonald and his confederates who were violent, dangerous, regularly armed criminals who robbed banks and armored cars up and down the eastern seaboard. There was witness testimony that McDonald admitted he participated in the Hudson robbery. And there was another witness who explained McDonald told her, a night or two before the robbery, that he was going to participate in it and that he showed a gun at that time. And I have a question on that point. If he, in fact, brandished the weapon or showed the weapon at the time at which he made the statement indicating that he was part of a conspiracy and so the jury could have attributed his possession and use of a gun to that act related to the conspiracy as opposed to the Hobbs Act, what do we make of that fact? I think in this case, again, Judge John Lapp, it is McDonald's burden to make that showing. I think it would be very inconsistent with the jury's verdict, not on the Hobbs Act robbery itself, but on federal armed bank robbery. So McDonald was convicted of three counts related to the robbery itself, Hobbs Act conspiracy, substantive Hobbs Act robbery, and aiding and abetting federal armed bank robbery. That meant, if you look back to the jury instructions for the federal armed bank robbery offense, the government would have shown that McDonald was on notice that a gun would be used during the robbery itself. So I think it's factually inconsistent and legally inconsistent with the jury's verdict. Counsel, if we were to find in the government's favor in the 924C issue, we could assume jurisdiction and then go to merits if it's in the government's favor, am I correct? If the ruling is in the government's favor and this is an affirmance, we could assume or bypass or theoretically assume McDonald qualifies for the COA, but still on the merit loses. We could do that, correct? So, yes, forgive me if I misunderstood your question, but if the court affirms on the 924C issue, the court would still be able to grant a COA as to the plenary sentencing request. But that would take me back to my original point. For that court to reach that threshold, it would have to make a determination that the choice of a habeas remedy implicates a constitutional right, and it does not. For those reasons, the government asks this court to affirm. Okay. Thank you, counsel. Are you saying it doesn't implicate a constitutional right because it doesn't or because one wasn't argued? So in this case, Judge Thompson, this court has never said that the selection of remedy implicates a constitutional right, and nor did the government's research at the court, did the government find cases from other circuits suggesting that point. In fact, as the Third Circuit in Clark and the Eleventh Circuit in Covington noted, selection of remedy does not implicate a right. Moreover, in Haddon, the Fourth Circuit, of course, in that case, allowed the defendant to appeal the remedy choice through a direct appeal. But in footnote five, the Fourth Circuit expressly said that in the context of a COA, the choice of remedy, again, does not implicate a constitutional right. Okay. Thank you, counsel. Thank you.